UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JENSEN,

    Plaintiff,

v.                                          Case No. 1:03-CV-320
                                          Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                                  /

**ORDER**

This matter is before the court on plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") (docket no. 22). For the reasons stated below, plaintiff's motion is denied.

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The fees and other expenses which may be awarded under the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). The attorney fees allowed under the EAJA

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). Three conditions which must be met to recover attorney fees under the EAJA: the claimant must be a prevailing party; the government's position must be without substantial justification; and, there are no special circumstances which would warrant a denial of fees. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *see also Delta Engineering v. United States*, 41 F.3d 259, 261 (6th Cir. 1994).

Here, the court reversed and remanded the matter pursuant to 42 U.S.C. § 405(g) "for a re-evaluation of the number of jobs which plaintiff can perform under step five of the sequential evaluation." Opinion at 10 (Sept. 20, 2004). The court found the remand necessary because the ALJ's determination that plaintiff was capable of performing 24,000 manufacturing and clerical jobs was not supported by substantial evidence. The remand renders plaintiff a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

Next, the court must determine whether the government's position was substantially justified. "The government's 'position' comprehends both the United States' underlying action and its litigation position." *Delta Engineering*, 41 F.3d at 261. It is the government's burden to show that its position was substantially justified. *Biko v. Immigration and Naturalization Service*, No. 95-3851, 1996 WL 506259 (6th Cir. September 4, 1996); *see also Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989); *United States v. 0.376 Acres of Land*, 838 F.2d 819, 820 (6th Cir. 1988).

With regard to the meaning of substantial justification, the Sixth Circuit has explained:

> [T]he government's position under [the EAJA] is 'substantially justified' if it is 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."

*United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 507 (6th Cir. 1998) (citations omitted).

In *Hartmann v. Stone*, No. 97-5269, 1998 WL 415999 (6th Cir. July 7, 1998), the Sixth Circuit, relying on *Pierce v. Underwood*, 487 U.S. 552 (1988), identified several factors a court should consider in determining substantial justification. These factors include the views of lower courts on the merits, whether the lower court viewed the result as close or clear, the decisions of other courts dealing with similar issues, the clarity of the underlying law at the time the government took its position, and the extent to which the government's position comported with applicable law. *See Hartmann*, 1998 WL 415999 at *3. However, no individual factor is dispositive. *Id.*

In the context of social security appeals, the government's position has been found to be substantially justified even though the case was remanded for further proceedings. *See*, *e.g.*, *Gray v. Commissioner of Social Security*, No. 00-6616, 2001 WL 1450821 at *1 (6th Cir. Nov. 6, 2001) (remanded due to error of law). Similarly, in *Cunningham v. Halter*, No. 00-4034, 2001 WL 1450778 (6th Cir. Oct. 30, 2001), the court found the government's position substantially justified when, although the matter was remanded for further development regarding three specific issues, the government had successfully defended several claims. In both *Gray* and *Cunningham*, the Sixth Circuit noted that the district court did not find the claimants disabled. *Gray*, 2001 WL 1450821 at *1; *Cunningham*, 2001 WL 1450778. "[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'" *Anderson v. Commissioner of Social Security*, No. 98-6284, 1999 WL 1045072 at * 5 (6th Cir. Nov. 12, 1999), *citing Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir.

1992). On the other hand, the government's decision has been found not to be substantially justified where the Secretary's position was "unconvincing" and "made little sense." *See Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).

The government has failed to demonstrate that its position was substantially justified. The court reversed and remanded the ALJ's decision because the ALJ's conclusion that plaintiff could perform 24,000 jobs "cannot be drawn from the testimony elicited from the VE in this case." Opinion at 10. In this regard, the court observed that "[i]t is the responsibility of the ALJ, notwithstanding the press of the moment, to insure that the proceedings at the hearing are sufficiently clear to permit an adequate examination of the record by a reviewing court." *Id.* The vocational testimony was so unclear that it did not provide substantial evidence to support the ALJ's decision. There was no reasonable basis in fact for the ALJ's conclusion that plaintiff could perform 24,000 jobs. Accordingly, the court concludes that defendant's position was not substantially justified.

However, the court agrees with defendant that special circumstances exist which would make an award of fees "unjust" pursuant to 28 U.S.C. § 2412(d)(1)(A). Section 2412(d)(1)(A) acts as a "safety valve" for the EAJA, giving "the court discretion to deny awards where equitable considerations dictate an award should not be made." *Scarborough v. Principi*, 541 U.S. 401, 422-23 (2004), quoting H.R. Rep. No. 96-1418, p. 11 (1980). In *United States v. 27.09 Acres of Land in the Town of Harrison*, 43 F. 3d 769 (2nd Cir. 1994), the court explained that "where all of the fees were expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing parties rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just." *27.09 Acres*, 43 F.3d at 773.

4

In the present case, the court rejected the two arguments raised in plaintiff's brief, i.e., that the ALJ did not consider all of the evidence from the treating physicians in evaluating his disability and that the ALJ's hypothetical question posed to the VE was inaccurate. In his one-paragraph argument regarding the vocational evidence, plaintiff did not explain how any particular hypothetical question posed to the VE was inaccurate.[1]  Plaintiff neither identified nor argued the issue upon which the court remanded this matter.

Under the circumstances of this case, "where all of the fees were expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing part[y] rests largely on a result to which the claimant made no contribution," the court concludes that it would be unjust to award plaintiff fees under the EAJA. *See 27.09 Acres*, 43 F.3d at 773.  *Cf. Contreras v. Barnhart*, 79 Fed. Appx. 708, 709 (5th Cir. 2003) (court denied petition for attorney fees in a social security appeal where the attorney "did not brief the issue that served as the basis for the remand and the attorney's efforts did nothing more than to keep [the plaintiff's] case alive").

---

[1]  In his brief, plaintiff stated as follows:

> Since the ALJ correctly held that Plaintiff could not return to his past relevant work, the burden of proof then shifts to Defendant to show by substantial evidence that Plaintiff had the residual functional capacity to perform certain types of work. Stamper v. Harris, 650 F.2d 108, 111 (6th Cir. 1981).  In this case, a vocational expert did testify that there were a number of jobs available, but only when asked to respond to an inaccurate hypothetical question.  The 6th Circuit precedent of Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987), states that a vocational expert's testimony must be based upon hypothetical questions which accurately portray Plaintiff's impairments.  According to Hardaway v. Secretary of Heath & Human Services, 823 F.2d 922, 927-928 (6th Cir. 1987), the Defendant may rely upon a vocational expert's answer to a hypothetical question only if the assumptions in that question are supported by substantial evidence.  When Plaintiff's attorney asked the expert factually based hypothetical questions, the expert concluded that Plaintiff could not work (73-74).

Plaintiff's Brief at 19.

Accordingly, plaintiff's motion for fees under the EAJA (docket no. 22) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 6, 2006 /s/ Hugh W. Brenneman, Jr.
Hugh W. Brenneman, Jr.
United States Magistrate Judge